Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants AT&T CORP.
and PACIFIC BELL TELEPHONE COMPANY.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

E-filing

LILLIAN MUNSON, an individual,

    Plaintiff,

v.

AT&T, a Delaware corporation, PACIFIC BELL TELEPHONE COMPANY, and DOES 1-50,

    Defendants.

Case No. C07-06470 BZ

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant AT&T CORP., a New York Corporation (erroneously sued as "AT&T, a Delaware corporation") hereby removes to this Court the state court action described below.

1.    On October 18, 2007, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *LILLIAN MUNSON, an individual, Plaintiff, v. AT&T, a Delaware corporation, and DOES 1-50, Defendants*, as case

1 number RG 07-352153 ("Complaint").[1] The Complaint alleged the following seven causes of action: 1. "Discrimination Based on Race in Violation of California Government Code § 12940"; 2. "Discrimination Based on Physical Disability in Violation of California Government Code § 12940"; 3. Discrimination Based on Retaliation"; 4. "Intentional Infliction of Emotional Distress"; 5. "Breach of Contract"; 6. "Breach of Implied Covenant of Good Faith and Fair Dealing"; and 7. "Wrongful Termination in Violation of Public Policy." A copy of the Complaint is attached to the Declaration of Janine S. Simerly ("Simerly Dec.") as Exhibit A.[2]

2.    On November 21, 2007, Defendant filed an amended version of the Complaint ("FAC"), which named PACIFIC BELL TELEPHONE COMPANY ("PACIFIC BELL") as a co-defendant in all causes of action.[3]   A copy of this FAC is attached to the Declaration of Janine S. Simerly as Exhibit C.

3.    The first date upon which Defendant AT&T CORP. received a copy of this Complaint was November 26, 2007, when Defendant was served with a copy of the FAC and a summons from the state court. (Simerly Dec. ¶ 7) A copy of the summons is attached to the Declaration of Janine S. Simerly as Exhibit D.

4.    To the best of Defendant's knowledge, Plaintiff has not yet attempted nor effected service on PACIFIC BELL. (Simerly Dec. ¶ 9) In any event, to date PACIFIC BELL has not been served. (*Id.*)

5.    On December 21, 2007, Defendant AT&T CORP. filed a Motion to

---

[1] Plaintiff designated this Complaint as her "First Amended Complaint."
[2] Also on October 18, 2007, Plaintiff commenced an additional action in the same state court styled identically to the Complaint. This duplicative action was numbered RG 07-352092, and it alleged identical causes of action against "AT&T" to those alleged in the Complaint. Subsequently, on December 10, 2007, the state court dismissed that action without prejudice.
[3] AT&T Corp. is a separate business entity from Pacific Bell Telephone Company. AT&T Corp., formerly known as American Telephone and Telegraph was incorporated on March 3, 1885 in New York. It is not, and never has been, the parent entity of Pacific Bell Telephone Company.

Transfer Venue to Contra Costa County Superior Court and for Monetary Sanctions. A copy of that motion and all supporting documents are attached to the Declaration of Janine S. Simerly as Exhibit E.

**FEDERAL QUESTION JURISDICTION**

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331. It may be removed pursuant to 28 U.S.C. § 1441(b) because Section 301(a) of Labor Management Relations Act ("LMRA") completely preempts Plaintiff's state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

7. Under Section 301(a), "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Case law has consistently found that section 301 of the LMRA preempts state-law claims either: (1) where those claims are "founded directly on rights created by collective-bargaining agreements" or (2) where adjudication of claim based on a right created by state law requires interpretation of a collective bargaining agreement. *Hayden v. Reickerd*, 957 F.2 1506, 1509 (9th Cir. 1991) (internal citations omitted). In such cases, the LMRA completely preempts all state law claims pursuant to *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 200 (1985): "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be either treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law."

8. Where Section 301 of the LMRA preempts a state law claim, that claim is "considered, from its inception, a federal claim." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Any such preempted state law claim is treated as though it arises under

3
DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.:

federal law of which this Court has original jurisdiction under 28 U.S.C. § 1331, rendering removal of that claim proper under 28 U.S.C. § 1441(b).

9.  Normally, under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. at 392 (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)).  Therefore, ordinarily a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*  At the same time, an important limit to the well-pleaded complaint rule is the artful pleading doctrine, under which a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to establishment of his claim." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987); see also *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("A plaintiff may not . . . avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be only made under federal law.") (overruled on other grounds in *Allis-Chalmers*, 471 U.S. at 220).  Where a complaint is artfully pleaded, courts will re-characterize it as a well-pleaded complaint and look beyond the facts alleged in the complaint to determine where jurisdiction is proper. *See Paige*, 826 F.2d at 860-61.

10.  Courts have applied the artful pleading doctrine to find claims preempted by section 301 of the LMRA even where, on its face, a complaint does not mention or implicate a collective bargaining agreement. *See e.g., Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) (contract claim preempted by section 301 even though complaint did not reveal that plaintiff's employment was governed by a collective bargaining agreement).

11.  In this case, Plaintiff's claims for (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing are artfully pleaded claims that necessarily

1  require interpretation of the collective bargaining agreement between PACIFIC BELL and
2  Communications Workers of America ("CWA"), the labor union of which Plaintiff was a
3  member at all times relevant to this action. Based on the following facts, these claims are
4  completely preempted by section 301 of the LMRA and are properly removed on the
5  grounds of federal question jurisdiction:

7        (a)    At all times relevant to this action, PACIFIC BELL was and is an
8  employer in an industry affecting commerce, as defined by the LMRA, 29 U.S.C. § 141, *et*
9  *seq.* (Declaration of Barbara J. Noonan ("Noonan Dec.") ¶ 3)

11        (b)    At all times relevant to this action, Plaintiff was an employee of
12  PACIFIC BELL represented by CWA and employed pursuant to a collective bargaining
13  agreement ("CBA") between PACIFIC BELL and CWA. (Noonan Dec. ¶ 4-6) CWA is a
14  labor organization representing employees in an industry affecting commerce as defined in
15  the LMRA. (Noonan Dec. ¶ 5)

17        (c)    At all times relevant to this action, a CBA governed the
18  employment relationship between Plaintiff and PACIFIC BELL, and the terms and conditions
19  of Plaintiff's employment. (Noonan Dec. ¶ 7)

21        (d)    Plaintiff's causes of action for breach of contract and breach of
22  implied covenant of good faith and fair dealing reference "the contract" between Plaintiff and
23  Defendants. (FAC ¶ 50) Though Plaintiff fails to specify the contract on which she bases
24  these claims, the only contract in effect between PACIFIC BELL and Plaintiff at any time

relevant to this litigation was the CBA. (Noonan Dec. ¶ 8)[4] Plaintiff's failure to specify the CBA as the contract on which she bases these claims cannot change the fact that any adjudication of these claims necessarily involves interpreting the terms of the CBA.

(e) Furthermore, Plaintiff alleges employer misconduct involving her suspension and termination for violating a company policy. (FAC ¶22) PACIFIC BELL'S contractual obligations surrounding the suspension and termination of Plaintiff as a unionized employee were governed by the CBA. (Noonan Dec. ¶ 9) Only by interpreting PACIFIC BELL'S obligations under the CBA can a court determine whether PACIFIC BELL breached that contract and/or any implied covenant of good faith and fair dealing in suspending and terminating Plaintiff.

11. Based on the above facts, Plaintiff's contract-related claims are preempted by Section 301 of the LMRA because the subject matter of those claims are covered by the CBA. Similarly, in *Young*, a unionized worker's claim alleging a breach of an oral employment contract was preempted "[b]ecause 'any independent agreement of employment . . . could be effective only as part of the collective bargaining agreement.'" *Young*, 830 F.2d at 997 (citations omitted). In that case, the subject matter of the alleged oral contract was "a job position covered by the CBA." *Id. See also Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) (upholding district court finding of LMRA preemption of a dispute over whether employees were exempt from state overtime laws because it necessarily required interpreting premium pay provisions of collective bargaining agreement). Where, as here, a plaintiff files suit alleging breach of contract based on having been terminated pursuant to the terms of a CBA, that contract claim is preempted

---

[4] Defendant AT&T CORP. has never employed Plaintiff. See n.3, above. Having never assented even to employ Plaintiff, no contract has ever existed between AT&T CORP. and Plaintiff. Because Plaintiff's claims against AT&T CORP. are, nonetheless, based on her employment with PACIFIC BELL, Plaintiff's contract allegations against AT&T CORP. require interpretation of the CBA between CWA and PACIFIC BELL. Furthermore, once PACIFIC BELL is served, the terms of the CBA will be squarely before the Court.

and removal is appropriate.

## SUPPLEMENTAL JURISDICTION

13.  Under 29 U.S.C. § 1367(a), the exercise of supplemental jurisdiction over state law claims is proper where those claims "form part of the same case or controversy under Article III of the United States Constitution" as federal question claims over which this Court has original jurisdiction.  Pursuant to *United Mine Workers v.* Gibbs, 383 U.S. 715 (1966), the test for whether claims arise arise out of the same case or controversy is whether they share "a common nucleus of operative facts," such that a plaintiff "would ordinarily be expected to try them all in a single jurisdictional proceeding." *Id.* at 725.  In this case, Plaintiff's other claims for discrimination, retaliation and wrongful discharge in violation of public policy are closely related to and inseparable from Plaintiff's preempted claims of breach of contract and breach of implied covenant of good faith and fair dealing because all arise out of the same allegations of misconduct by PACIFIC BELL. (*See* FAC)  For that reason, Plaintiff seeks to try them all in a single action, and this Court should exercise supplemental jurisdiction to do so.  *See Nishitmoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990) (exercise of pendent jurisdiction over state law claims appropriate where those claims arose out of a common nucleus of operative fact with ERISA claim).  This Court should also exercise supplemental jurisdiction over Plaintiff's non-preempted claims in the interest of fairness, convenience and judicial economy.  *See e.g., Young*, 830 F.2d at 996, 999 (considerations of judicial economy made exercise of pendent jurisdiction over plaintiff's state tort claims proper where contract and covenant claims were preempted by Section 301).

## NON-JOINDER OF CO-DEFENDANT PACIFIC BELL

14.  As stated above, Plaintiff has not yet served Defendant PACIFIC BELL.

7

DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.:

1 (Simerly Dec. ¶ 9)  For this reason, PACIFIC BELL cannot formally join in this removal
2 notice.  Although PACIFIC BELL has not been served, PACIFIC BELL joins in Defendant
3 AT&T CORP.'S desire to remove this action to federal court.  (Noonan Dec. ¶ 2)  Because
4 parties named as defendants but not yet served in a state court action need not join in the
5 notice of removal, removal is still proper in this instance, even without PACIFIC BELL'S
6 formal joinder.  *Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir.
7 1984) ("a party not served need not be joined" in removal notice); *cf. Prize Frize, Inc. v.
8 Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (failure to state that all non-joining
9 defendants had not been properly served rendered removal notice deficient).

WHEREFORE, Defendant AT&T CORP. hereby removes the above-entitled action now pending before the Superior Court of the State of California, County of Alameda to this Court.

Dated: December 26, 2007

MILLER LAW GROUP
A Professional Corporation

By: *Janine S. Simerly*
Janine S. Simerly
Attorneys for Defendant AT&T CORP.