```
 1  Janine S. Simerly (SBN 102361)
        jss@millerlawgroup.com
 2  Lisa C. Hamasaki (SBN 197628)
        lch@millerlawgroup.com
 3  MILLER LAW GROUP
    A Professional Corporation
 4  500 Sansome Street, Suite 400
    San Francisco, CA 94111
 5  Tel. (415) 464-4300
    Fax (415) 464-4336
 6
    Attorneys for Defendants AT&T CORP.
 7  and PACIFIC BELL TELEPHONE COMPANY

 8  Waukeen Q. McCoy (SBN 168228)
        mccoylawsf@yahoo.com
 9  LAW OFFICES OF WAUKEEN Q. McCOY
    703 Market Street, Suite 1407
10  San Francisco, CA 94103
    Tel.: (415) 675-7705
11  Fax: (415) 675-2530

12  Attorney for Plaintiff
    LILLIAN MUNSON
13
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN MUNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AT&T, a Delaware corporation, PACIFIC BELL TELEPHONE COMPANY, and DOES 1-50,<br><br>Defendants. | Case No.: CV 07-06470 WHA<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER<br><br>Date: March 6, 2008<br>Time: 11:00 a.m.<br>Courtroom: 9<br><br>The Hon. William H. Alsup |

Defendant AT&T Corp. and Plaintiff Lillian Munson jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Defendant Pacific Bell Telephone Company ("Pacific Bell") has recently accepted service of the Plaintiff's First Amended Complaint and will be appearing shortly. However, as Pacific Bell has yet to appear in this action, it is not a party to this joint statement. Nonetheless, Pacific Bell has been consulted regarding the contents of this statement and agrees to the dates contained herein.

## JURISDICTION AND SERVICE

1. As explained in Defendant AT&T Corp.'s Notice of Removal of Action to Federal Court (filed on December 26, 2007), this Court has original subject matter jurisdiction over Plaintiff's causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"). As a bargained employee, Plaintiff's employment with Pacific Bell was governed by a Collective Bargaining Agreement ("CBA"). Accordingly, all contract-related claims are preempted by Section 301 of the LMRA. Furthermore, the exercise of supplemental jurisdiction over Plaintiff's other claims is proper pursuant to 29 U.S.C. § 1367(a) because those claims "form part of the same case or controversy under Article III of the United States Constitution" as Plaintiff's preempted federal question claims. Plaintiff does not agree with the characterizations of the facts or law set forth in this paragraph.

2. Defendant AT&T Corp. was served with a state court summons and the Complaint on November 26, 2007 and has filed an Answer. Defendant Pacific Bell accepted service of the Complaint via mail on February 14, 2008. Pacific Bell shall file a responsive pleading before its deadline of March 10, 2008.

## FACTS

3. A brief chronology of the facts: This is an employment case. Plaintiff worked for Pacific Bell for approximately 18 years, from 1987 until her termination in July of

2006. Defendant contends that the termination was based upon Plaintiff's repeated – and admitted – violation of a strict company policy forbidding service representatives, such as Plaintiff, from accessing their personal accounts through the company's computer database. Plaintiff, however, contends otherwise, arguing that her termination was the result of discrimination on the basis of race and disability and/or was done in retaliation for her having engaged in protected activity.[1]

4. At this point, the parties are not aware of any disputed issues of material fact; however, discovery and the fact investigation are in their early stages. The parties reserve the right to update or amend this information as the case proceeds. Although not material to liability issues, the parties do dispute the existence, extent and/or cause of Plaintiff's injuries.

## LEGAL ISSUES

5. The principal legal issues in dispute include: (i) whether and to what extent the conduct alleged by Plaintiff is actionable as a matter of law; (ii) whether Plaintiff is a qualified individual with a disability as defined by the California Fair Employment and Housing Act; (iii) whether Plaintiff engaged in protected activity; (iv) whether misconduct alleged by Plaintiff to have occurred outside of the relevant statute of limitations is time barred pursuant to applicable statutes of limitations;[2] (v) whether any of Defendants' employees or agents ever subjected Plaintiff to any adverse actions on the basis of her race or disability or retaliated against her for participation in protected activity; and (vi) whether

---

[1] Plaintiff's Complaint alleges seven causes of action: (1) discrimination on the basis of race in violation of the FEHA; (2) discrimination on the basis of physical disability in violation of the FEHA; (3) "discrimination based on retaliation"; (4) intentional infliction of emotional distress; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) wrongful termination in violation of public policy.

[2] Such statutes include but are not limited to: California Code of Civil Procedure Section 335.1 (2 year statute of limitations for personal injury torts); California Code of Civil Procedures Section 337(1) (4 year statue of limitations for claims arising out of breach of written contract); California Code of Civil Procedure Section 339(1) (2 year statute of limitations for claims arising out of breach of oral contract); and California Government Code Section 12960(d) (1 year statute of limitations for FEHA claims).

Defendant AT&T Corp. is a proper party to this lawsuit and/or can be held liable for the conduct alleged by Plaintiff.[3]

## MOTIONS

6. There are no motions pending. Prior to removing this action to Federal Court, Defendant AT&T Corp. filed a Motion to Transfer Venue to Contra Costa County Superior Court. In light of the subsequent removal to this Court, that Motion was not heard.

7. Defendant AT&T Corp. anticipates moving for summary judgment on the grounds that it never employed Plaintiff and has no relationship to the events underlying this lawsuit. Defendant AT&T Corp. notified Plaintiff of these facts, and indeed provided a declaration verifying these facts. Plaintiff refused to voluntarily dismiss AT&T Corp. Pacific Bell also anticipates moving for summary judgment.

## AMENDMENT OF PLEADINGS

8. Plaintiff does not currently anticipate amending her pleadings; however, depending upon the results of discovery, may seek to add causes of action or other responsible parties, including other AT&T entities if the evidence establishes a direct or an indirect employment relationship, and will seek leave of court to do so, which may be after the time set forth in this sub-paragraph. Defendant does not anticipate amending its pleadings. The parties jointly propose a deadline of April 30, 2008 for the amendment of any and all pleadings.

## EVIDENCE PRESERVATION

10. Plaintiff: Counsel has instructed Plaintiff to preserve all written and

---

[3] Defendant AT&T Corp., formerly known as American Telephone and Telegraph, was incorporated on March 3, 1885 in New York. AT&T Corp. is a separate business entity from Pacific Bell. It is not, and never has been, the parent entity of Pacific Bell. Furthermore, AT&T Corp. has never employed Plaintiff and has no relationship to Plaintiff or the events underlying her allegations. As such, Defendant contends that AT&T Corp. is not an appropriate defendant in this matter.

electronic communications concerning her employment.

11. **Defendant**: On November 8, 2006, upon learning of Plaintiff's administrative complaints filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission, Pacific Bell's EEO Department sent out an e-mail to the director of the department in which Plaintiff had worked indicating that relevant employees be advised to preserve any evidence they might have, including e-mail. One day later, on November 9, 2006, Pacific Bell placed a data retention order for the contents of Plaintiff's hard drive. Subsequent preservation efforts have been made as appropriate. A diligent review of Pacific Bell's centralized database systems has shown that all potentially relevant company-maintained electronically stored information identified to date has been preserved. Investigation is ongoing.

## DISCLOSURES

12. The parties have agreed to exchange initial disclosures by mail on or before the Court-scheduled deadline of February 28, 2008. The parties have discussed anticipated disclosures and expect full compliance with Rule 26(a)(1).[4]

## DISCOVERY

13. To date, no discovery has been propounded by any party. However, Defendant anticipates producing significant documents with its initial disclosures. To the extent those documents contain information derived from electronic sources, Plaintiff agrees to rely on the paper records provided that in response to a written request, Defendant is able to produce sworn declarations verifying that the documents constitute true and correct reproductions of the electronically stored information maintained on the computer systems

---

[4] As discussed during the parties' meet-and-confer, Defendant explained that several documents it intends to disclose contain information derived from electronic sources. However, Defendant intends to rely on the printed records to support its claims and defenses.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

from which they are derived. Plaintiff reserves the right to notice the depositions of custodians of records should plaintiff deem it necessary.

14. The parties estimate six months as an appropriate time within which to conduct discovery. Defendant plans to depose Plaintiff and other witnesses as their identity becomes known. Given the nature and temporal scope of Plaintiff's claims, Defendant anticipates Plaintiff's deposition may take three seven-hour days to complete, and therefore seeks Plaintiff's agreement or a Court Order permitting same. Defendant anticipates propounding document requests, interrogatories and requests for admissions. Third-party subpoenas may also be warranted. Plaintiff anticipates deposing: (1) the person most knowledgeable about the systems used to detect the misconduct for which Plaintiff was allegedly terminated, (2) the person most knowledgeable about the policy Plaintiff is alleged to have violated, (3) other employees, former or present, who have been investigated for misconduct of a similar nature to Plaintiff's, and (4) some of Plaintiff's former supervisors, co-workers and other witnesses. Plaintiff will also propound special interrogatories, requests for identification and production of documents, and requests for admission.

15. The parties will file a Joint Rule 26(f) Report at the same time as this Joint Case Management Conference Statement, as required by the Amended Clerk's Notice Scheduling Initial Case Management Conference on Reassignment.

## CLASS ACTION

16. This lawsuit is not a class action.

## RELATED CASES

17. There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## RELIEF

18. Plaintiff is seeking general and special damages, including lost wages,

lost opportunity, emotional distress damages, and loss of benefits. Plaintiff also seeks punitive damages and statutory attorneys' fees if she prevails at trial.

### SETTLEMENT AND ADR

19. On February 12, 2008, the parties met-and-conferred in an attempt to agree on an ADR process, as required by ADR L.R. 3-5(a). Based on that and subsequent communications, the parties stipulated to private mediation and selected a mediator. On February 14, 2008, the parties filed a Stipulation to ADR Process. Defendant AT&T Corp. also filed an ADR Certification on February 14, 2008, as required by ADR L.R. 3-5(b). Defendant anticipates taking Plaintiff's deposition and conducting initial discovery prior to mediation. Further, Defendant AT&T Corp. may move for summary judgment (as explained in paragraph 7 above) prior to mediation which could impact early settlement discussions with that entity in light of Defendant's position that it is not a proper defendant. Plaintiff will participate fully in early private mediation.

### MAGISTRATE JUDGE

22. The parties do not consent to assignment of this case to a United States Magistrate Judge for further proceedings, including trial and entry of judgment.

### OTHER REFERENCES

23. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### NARROWING OF ISSUES

24. Issues that can be narrowed by agreement or by motion: Defendant contends that AT&T Corp. is not a proper party to this lawsuit, and any issue of its liability should be resolved by Plaintiff dismissing her charges against it. As explained previously, in the event that Plaintiff refuses to dismiss AT&T Corp. voluntarily, this will be the subject of a

motion for summary judgment. Similarly, Defendant is hopeful that the timeframe of this lawsuit can be narrowed and/or clarified to exclude events occurring well outside the statute of limitations (Plaintiff's Complaint currently contains allegations dating back more than 20 years; Plaintiff has alleged those facts on a continuing violation theory). Finally, based on preliminary discussions with Plaintiff's counsel, Defendant is hopeful that Plaintiff will stipulate that she repeatedly engaged in unauthorized access to the Pacific Bell Billing Order and Support System (the conduct which led to an investigation and Plaintiff's ultimate termination). Plaintiff will work in good faith to stipulate to all uncontested facts, based upon the results of discovery. Plaintiff and Defendant Pacific Bell have agreed to meet and confer concerning the scope of comparator data sought by Plaintiff in discovery.

25. If this case proceeds to trial, Defendant anticipates moving to bifurcate any determination of liability from punitive damages.

### EXPEDITED SCHEDULE

26. This is not a case that can be handled on an expedited basis with streamlined procedures.

### SCHEDULING

27. The parties propose that non-expert discovery shall be completed by September 2, 2008; that expert disclosures and reports shall be completed by December 16, 2008; that expert discovery shall be completed by February 17, 2009; that dispositive motions be heard by December 30, 2008; that the Pretrial Conference be held on or about February 9, 2009; and that the trial be scheduled for March 16, 2009.

### TRIAL

28. Plaintiff has requested a jury trial. The parties estimate that trial will last ten days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

29. Plaintiff is an individual.

30. Defendant AT&T Corp. filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-16 on December 26, 2007 along with its removal papers. As stated in that filing, Defendant AT&T Corp., a New York corporation, is a wholly owned subsidiary of AT&T Inc. AT&T Inc., a Delaware corporation, is publicly traded on the New York Stock Exchange. Defendant AT&T Corp. is also aware that Defendant Pacific Bell Telephone Company is a party to this proceeding. Defendant AT&T Corp. has knowledge that Pacific Bell Telephone Company, a California corporation, is a wholly owned subsidiary of AT&T Teleholdings, Inc. AT&T Teleholdings, Inc. is, like Defendant AT&T Corp., a wholly owned subsidiary of AT&T Inc.

31. Defendant Pacific Bell will file its Certification of Interested Entities or Persons required by Civil Local Rule 3-16 upon appearing in this action (e.g., with its Answer to Plaintiff's First Amended Complaint).

Dated: February 28, 2008

MILLER LAW GROUP
A Professional Corporation

By: ____/S/_____
Janine S. Simerly
Attorneys for Defendants AT&T CORP.
and PACIFIC BELL TELEPHONE
COMPANY

Dated: February __, 2008

LAW OFFICES OF WAUKEEN MCCOY

By:_____
Waukeen Q. McCoy
Attorneys for Plaintiff LILLIAN O.
MUNSON

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

29.  Plaintiff is an individual.

30.  Defendant AT&T Corp. filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-16 on December 26, 2007 along with its removal papers. As stated in that filing, Defendant AT&T Corp., a New York corporation, is a wholly owned subsidiary of AT&T Inc. AT&T Inc., a Delaware corporation, is publicly traded on the New York Stock Exchange. Defendant AT&T Corp. is also aware that Defendant Pacific Bell Telephone Company is a party to this proceeding. Defendant AT&T Corp. has knowledge that Pacific Bell Telephone Company, a California corporation, is a wholly owned subsidiary of AT&T Teleholdings, Inc. AT&T Teleholdings, Inc. is, like Defendant AT&T Corp., a wholly owned subsidiary of AT&T Inc.

31.  Defendant Pacific Bell will file its Certification of Interested Entities or Persons required by Civil Local Rule 3-16 upon appearing in this action (e.g., with its Answer to Plaintiff's First Amended Complaint).

Dated: February __, 2008

MILLER LAW GROUP
A Professional Corporation

By: _____
Janine S. Simerly
Attorneys for Defendants AT&T CORP.
and PACIFIC BELL TELEPHONE
COMPANY

Dated: February 28, 2008

LAW OFFICES OF WAUKEEN MCCOY

By: _____  Dow a. Patton
    Waukeen Q. McCoy
Attorneys for Plaintiff LILLIAN O.
MUNSON

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

The Plaintiff's deposition may exceed the seven hour limitation imposed by Federal Rule of Civil Procedure 30(d)(1). That deposition may last ___ hours/days.

The parties are ordered to comply with the following case management dates:

Dated: _____    _____

UNITED STATES DISTRICT JUDGE