Janine S. Simerly (SBN 102361)
Lisa C. Hamasaki (SBN 197628)
MILLER LAW GROUP
A Professional Corporation
500 Sansome Street, Suite 400
San Francisco, CA 94111
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants AT&T CORP.
and PACIFIC BELL TELEPHONE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN MUNSON, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AT&T, a Delaware corporation, PACIFIC BELL TELEPHONE COMPANY, and DOES 1-50,<br><br>　　　　Defendants. | Case No.: CV 07-06470 WHA<br><br>**DEFENDANT PACIFIC BELL TELEPHONE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant PACIFIC BELL TELEPHONE COMPANY (hereafter "Defendant" or "Pacific Bell") hereby answers Plaintiff LILLIAN MUNSON's First Amended Complaint, filed by Plaintiff in the Superior Court in and for the County of Alameda on November 21, 2007 (hereafter "Complaint"), as follows:

Defendant generally denies each and every allegation in the Complaint, except those expressly admitted below.

1.	Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that it employed Plaintiff for some period of time and that it terminated Plaintiff's employment. Defendant is without sufficient knowledge and information regarding whether it employed Plaintiff in San Francisco and on that basis, denies that allegation.[1]  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 1.

2.	Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff is an African American female individual and that it employed Plaintiff from approximately 1987 until 2006.  Defendant further admits that Plaintiff worked as an Operator from 1987 to 1996, and that Plaintiff worked as a Service Representative from 1996 to 2006.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 2.

3.	Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that AT&T Corp. is a telecommunications holding company, and that Pacific Bell is a telecommunications services company.  Defendant further admits that Pacific Bell has employees working in San Francisco, and that it is a California corporation which does business in San Francisco, California.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 3.

4.	Answering Paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the

---

[1] On December 21, 2007, prior to removing this action to federal court, Defendant AT&T Corp. filed a Motion to Transfer Venue in state court which indicated that Plaintiff had worked in San Francisco from 2000 to November of 2005.  Subsequent to that filing, Defendants have learned new facts that call into question that assertion.  Although that Motion to Transfer Venue is now off calendar given the removal of this action to federal court, these new facts do not impact the underlying Motion.

truth of the allegations contained in this paragraph, and on that basis denies each and every allegation contained in Paragraph 4.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant denies that any individual defendants have been named in this action. Defendant denies each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits that it employed Plaintiff for approximately 19 years. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff began working for Defendant in 1987. Defendant admits that in 1987, Plaintiff worked for Defendant as an Operator, and Defendant further admits that at some point prior to 1996, Plaintiff worked for Defendant as an Operator at Defendant's San Leandro facility. Defendant admits that it operated an office located at 2150 Webster St., Oakland, California, and that Plaintiff worked there between 1996 and 1998 as a Service Representative. Defendant admits that it had an office at Bishop Ranch in San Ramon, California in 1998, and that Plaintiff worked for Defendant as a Service Representative at that location beginning in 1998. Defendant also admits that Plaintiff worked for Pacific Bell until notified of her termination on July 7, 2006. Otherwise, after a diligent inquiry and exerting reasonable effort, Defendant has determined that, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information regarding these claims to form a belief as to the truth of any other allegations contained therein. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 7.

8.     Answering Paragraph 8 of Plaintiff's Complaint, after a diligent inquiry and exerting reasonable effort, Defendant has determined that, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained therein. Defendant denies each and every allegation contained in Paragraph 8.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained therein. Defendant denies each and every allegation contained in Paragraph 9.

10.     Answering Paragraph 10 of Plaintiff's Complaint, after a diligent inquiry and exerting reasonable effort, Defendant has determined that, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information regarding Plaintiff's claims as to the number of employees in San Leandro at the time or whether other employees underwent surgery due to physical conditions to form a belief as to the truth of the allegations contained therein, and on that basis denies those allegations. Defendant denies each and every other allegation contained in Paragraph 10.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claim that she did not wear her prescribed wristbands because she did not want to be labeled as "faking" her physical condition to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every such allegation. Further, after a diligent inquiry and exerting reasonable effort, Defendant has determined that, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information regarding Plaintiff's other claims in this paragraph to form a belief as to the truth of the

allegations contained therein.  Defendant denies each and every allegation contained in Paragraph 11.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff was counseled on multiple occasions during her employment relating to compliance with Defendant's attendance standards, but denies that Defendant allowed a maximum of three absences per year.  Further, Plaintiff's claim that she was "counseled bi-monthly," is so vague and ambiguous that Defendant cannot in good faith respond.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 12.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff began working as a Service Representative for Pacific Bell in Oakland, California in 1996.  Defendant further admits that during some portion of Plaintiff's time working in this position, both Christopher Thomas and Brenda Saucer served as Plaintiff's managers.  Defendant denies that Thomas and Saucer were Munson's only managers during this period, or that they were her managers at the same time.  Otherwise, after a diligent inquiry and exerting reasonable effort, Defendant has determined that, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information regarding Plaintiff's claims in this paragraph to form a belief as to the truth of the allegations contained therein.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 13.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that in 1998 Plaintiff began working as a Service Representative in San Ramon, California, and that Mark Sullivan was her second-level manager.  Defendant does not deny that Plaintiff was provided with an ergonomic chair and desk as alleged in this paragraph.  Due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information to form a belief as to the truth of the other allegations

contained in this paragraph.  Except as expressly stated herein, Defendant denies each and every allegation contained in Paragraph 14.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claim that she suffered increasing pain while working at San Ramon, California to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every such allegation.  Defendant admits that during Plaintiff's time working in San Ramon between 1998 and 2000, Defendant counseled her on multiple occasions relating to compliance with its attendance standards.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 15.

16. Answering Paragraph 16 of Plaintiff's Complaint, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information to form a belief as to the truth of whether and when Plaintiff took the business service representative examination while employed by Pacific Bell and who administered that examination.  Defendant denies each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient knowledge and information regarding Plaintiff's claim that her pain persisted and increased after 2000 to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every such allegation.  Defendant admits that Plaintiff was absent on multiple occasions from work after 2000, and that Plaintiff informed Defendant that the reason for some absences was problems with her back.  Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 17.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that in 2000, Plaintiff attributed several days of absence from work to attending a family funeral in Kansas. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 18.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits that in 2001 Plaintiff began working in Pacific Bell's ISDN Provisioning and Maintenance department (incorrectly referred to as the "Testing Department") as a Service Representative, and that Bruce Shea (incorrectly referred to as "Bruce O'Shea") was Plaintiff's second-level manager while she worked in that department. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 19.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant admits that at some time during late-2003 or early-2004, Plaintiff transferred within Pacific Bell to a Service Representative position in San Ramon for which Mark Sullivan was the second-level manager. Defendant further admits that during the period relevant to these allegations, Plaintiff's workstation was ergonomically evaluated and adjusted. Further, Defendant does not dispute Plaintiff's claim that she did not request any accommodation during training sessions. Otherwise, due to the passage of time and changes of personnel during that interval, Defendant is without sufficient knowledge and information to form a belief as to the truth of the other allegations contained in these claims. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 20.

21. Answering Paragraph 21 of Plaintiff's Complaint, Plaintiff's claim that Defendant was undergoing "financial changes" in approximately 2003 to 2004 is so vague and ambiguous that Defendant cannot in good faith respond and on that basis denies the allegation. Defendant admits that in 2003, while Plaintiff was working in Pacific Bell's ISDN Provisioning and Maintenance department, her position as a Service Representative was

1  relocated to Pasadena, California.  Further, Plaintiff's claim that positions of her co-workers
2  were eliminated is so vague and ambiguous that Defendant cannot in good faith respond.
3  Except as expressly admitted herein, Defendant denies each and every allegation contained
4  in Paragraph 21.

6  22.  Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that
7  Charlene Nakagaki suspended Plaintiff's employment pending an investigation into the
8  circumstances and extent of Plaintiff's unauthorized access of her own telephone account in
9  its Billing Order and Support System.  Defendant further admits that Charlene Nakagaki met
10  with Plaintiff on July 7, 2006, and at that time, Plaintiff was informed that her employment
11  with Pacific Bell was terminated.  Defendant further admits that Joan Goodman (incorrectly
12  referred to as "Joan Clayton") was at that meeting.  Except as expressly admitted herein,
13  Defendant denies each and every allegation contained in Paragraph 22.

15  23.  Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that
16  Plaintiff informed Defendant at various times during her employment that she suffered from
17  ongoing health problems, including but not limited to a chronic back condition.  Defendant
18  admits that Plaintiff informed Defendant at various times during her employment that she
19  sought treatment for alleged health problems, including doctor visits, chiropractor treatment
20  and physical therapy.  Defendant also admits that Plaintiff took several medical leaves
21  approved under the Family Medical Leave Act ("FMLA") during her employment. As to
22  Plaintiff's claims that her pain increased and she developed a chronic back condition and
23  tendonitis, Defendant is without sufficient knowledge and information to form a belief as to
24  the truth of those allegations, and on that basis denies those allegations.  Except as
25  expressly admitted or otherwise denied herein, Defendant denies each and every allegation
26  contained in Paragraph 23.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant admits that it was aware that doctors prescribed medication for Plaintiff's ongoing health problems. Defendant is otherwise without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained therein. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 24.

## FIRST CAUSE OF ACTION

### (Race Discrimination – Cal. Govt. Code § 12940)

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 24, above.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29, Defendant denies each and every allegation contained therein.

30. Answering Paragraph 30, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Discrimination Based Upon Physical Disability – Cal. Govt. Code § 12940)**

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 30, above.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**(Discrimination Based On Retaliation – Cal. Govt. Code § 12940)**

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 35, above.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

38.     Answering Paragraph 38 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

39.     Answering Paragraph 39 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

40.     Answering Paragraph 40 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

41.     Answering Paragraph 41 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

42.     Answering Paragraph 42 of Plaintiff's Complaint, Defendant admits that, in or about November 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.  Except as expressly admitted herein, Defendant is without sufficient knowledge and information regarding Plaintiff's claims to form a belief as to the truth of the allegations contained in this paragraph.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 42.

43.     Answering Paragraph 43 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## **FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

44.     Answering Paragraph 44 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 43, above.

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## **FIFTH CAUSE OF ACTION**

### **(Breach of Contract)**

49. Answering Paragraph 49 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 48, above.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendant admits that the Collective Bargaining Agreement ("CBA") between Defendant and the Communications Workers of America ("CWA"), of which Plaintiff was a member, imposed certain obligations on Defendant. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 50.

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

52. Answering Paragraph 52 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 52, above.

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendant admits that the Collective Bargaining Agreement ("CBA") between Defendant and the Communications Workers of America ("CWA"), of which Plaintiff was a member, imposed certain obligations on Defendant which are set forth in that CBA. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 54.

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

/ / /

13

**DEFENDANT PACIFIC BELL'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: CV 07-06470 WHA**

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

58. Answering Paragraph 58 of Plaintiff's Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 57, above.

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

62. Defendant denies the allegations contained in Paragraphs 1 to 7 of Plaintiff's prayer for relief, and denies that Plaintiff was injured or damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

/ / /

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

63.     Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

64.     Plaintiff's claims are barred by the applicable statues of limitations including, but not limited to, those limitations set forth in California Code of Civil Procedure section 335.1, 337, 339, California Government Code sections 12960 and 12965(b), and those applicable to the Labor Management Relations Act – *see Audette v. International Longshoremen's and Warehousemen's Union* (9th Cir. 1999) 195 F.3d 1107, 1111 (as well as any other statutes that might include applicable time bars).

**THIRD AFFIRMATIVE DEFENSE**

**(Exhaustion of Administrative Remedies)**

65.     Plaintiff has failed to exhaust her administrative remedies, the exhaustion of which is a condition precedent to the maintenance of her First, Second and Third Causes of Action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

66.     The Court lacks subject matter jurisdiction over any discrimination, harassment and/or retaliation claims and allegations on which Plaintiff bases her First,

1  Second and Third Causes of Action which are not contained in a timely administrative
2  charge filed by Plaintiff with the California Department of Fair Employment and Housing.

### FIFTH AFFIRMATIVE DEFENSE
### (Good Faith / Legitimate Business Reasons)

67.  All employment decisions made by Defendant that affected Plaintiff were made without malice, in good faith and for legitimate business reasons.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

68.  Plaintiff, by her acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

69.  Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

70.  Plaintiff's Complaint should be barred by the doctrine of laches because Plaintiff has unreasonably delayed in bringing her action against Defendant.

/ / /
/ / /

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
LARKSPUR, CALIFORNIA

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

71.  Any recovery on Plaintiff's Complaint, or on any purported cause of action alleged therein, is barred to the extent that Plaintiff consented to any of the activities and/or conduct alleged therein.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

72.  If Plaintiff has suffered any physical and/or emotional injury, such physical and/or emotional injury was not proximately caused by her employment or by the actions of Defendant or anyone acting on Defendant's behalf.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

73.  If Plaintiff has suffered physical and/or emotional injury related to her employment, as alleged in her First through Fourth and Seventh Causes of Action, her exclusive remedy for such injury is provided by California Labor Code section 3200, *et. seq.*

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

74.  Plaintiff has failed to mitigate damages alleged in the Complaint.

/ / /

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

75. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent that the Defendant has discovered, or will discover, additional evidence indicating that Plaintiff has engaged in conduct before or while employed by Pacific Bell that precludes or limits her assertion of the claims for relief and/or damages presented therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

76. Plaintiff is barred from any recovery because Defendant had in place and implemented, in good faith, policies, procedures and other measures that reasonably should have prevented the discrimination, harassment and retaliation she alleges, and Plaintiff unreasonably failed to invoke those measures or take other corrective actions to stop the alleged discrimination, harassment and retaliation.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Defendant's Appropriate Corrective Action)**

77. Plaintiff is barred from any recovery because Defendant took immediate and appropriate corrective action when it became aware of the conduct alleged by Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim – Punitive Damages)

78. Plaintiff's Complaint fails to state a claim sufficient to sustain an award of punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled to Punitive Damages)

79. Defendant cannot be held liable for punitive damages because, at the time of the alleged acts giving rise to Plaintiff's claim for punitive damages, Defendant and AT&T Corp. had implemented one or more policies prohibiting the alleged acts and/or otherwise made good faith efforts to comply with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Vexatious Claim)

80. Plaintiff's maintenance of this action is without foundation, vexatious, and unreasonable, entitling Defendant to an award of attorneys' fees in the matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction & LMRA/NLRA Preemption)

81. Plaintiff's Fifth and Sixth Causes of Action are preempted by the Labor Management Relations Act, 29 U.S.C. § 185, *et seq.*, as well as by the National Labor Relations Act.

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Causation)**

82.  Plaintiff's negligence with respect to the matters alleged in the Complaint proximately caused or contributed to the damages Plaintiff claims herein. Such negligence totally or proportionality offsets any potential recovery by Plaintiff.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorneys' fees, and all other proper relief.

Dated: March 4, 2008                    MILLER LAW GROUP
                                        A Professional Corporation


                                        By:      /S/
                                           Janine S. Simerly
                                           Attorneys for Defendant AT&T CORP. and
                                           PACIFIC BELL TELEPHONE COMPANY